**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Lewis,<br><br>Plaintiff,<br><br>v.<br><br>Dirt Sports LLC, et al.,<br><br>Defendants. | No. CV-14-08223-PCT-DLR<br><br>**ORDER** |

This personal injury action arises from an altercation that occurred in November 2012 at Mesquite MX, a motocross park located near Colorado City in northern Arizona. At issue is Defendants Michelle and Ronald Ore's motion for summary judgment, which is fully briefed. (Docs. 92-93, 97-98.) For the following reasons, the Ores' motion is granted in part and denied in part.[1]

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

---

[1] The Ores' request for oral argument is denied. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id*. at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," and instead "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation and citation omitted).

Substantive law determines which facts are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248). Conclusory allegations, unsupported by factual material, are insufficient to defeat summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). If the nonmoving party's opposition fails to cite specifically to evidentiary materials, the court is not required to either search the entire record for evidence establishing a genuine issue of material fact or obtain the missing materials. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028-29 (9th Cir. 2001); *Forsberg v. Pac. N.W. Bell Tel. Co.*, 840 F.2d 1409, 1417-18 (9th Cir. 1988).

### **LOCAL RULE OF CIVIL PROCEDURE 56.1**

In addition to these general principles, this District's Local Rules of Practice impose specific requirements on the form and content of summary judgment motions. "Any party filing a motion for summary judgment must file a statement, separate from the motion and memorandum of law, setting forth each material fact on which the party

relies in support of the motion." LRCiv 56.1(a). Each of these facts "must refer to a specific admissible portion of the record where the fact finds support (for example, affidavit, deposition, discovery response, etc.)." *Id.* Likewise:

> Any party opposing a motion for summary judgment must file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support.

LRCiv 56.1(b). The court may deem a movant's separate statement of facts to be true if the nonmoving party does not comply with these rules. *See Szaley v. Pima Cty.*, 371 Fed. App'x 734, 735 (9th Cir. 2010).

The Ores' submitted a separate statement of facts setting forth each material fact upon which they rely in their memorandum of law. (Doc. 93.) Each paragraph cites to specific evidence in the record against which no admissibility objections have been raised. In violation of LRCiv 56.1(b), however, Lewis did not submit a separate statement of correspondingly numbered paragraphs indicating whether he disputes or admits the facts asserted by the Ores, along with additional facts that he believes preclude summary judgment.[2] Because Lewis failed to submit a separate statement of facts, his memorandum of law fails to "include citations to the specific paragraph in the statement of facts that supports assertions made in the memorand[um.]" LRCiv. 56.1(e). Accordingly, the Court deems the Ores' separate statement of facts to be undisputed for

---

[2] Lewis' response brief violates other rules as well. The brief does not comply with LRCiv 7.1(b), which requires motions to be "in a fixed-pitched type size no smaller than ten (10) pitch (10 letters per inch) or in a proportional font size no smaller than 13 point, including any footnotes." Additionally, Lewis uses footnotes to cite supporting materials for assertions made in the main text of his brief, which violates Paragraph 11(b) of the Scheduling Order. (Doc. 58 at 5.) Counsel for Lewis should familiarize himself with this District's Local Rules, which are publicly available on the Court's website (http://www.azd.uscourts.gov/local-rules), as well as orders issued in this case to ensure that future filings comply.

purposes of this order. *Szaley.*, 371 Fed. App'x at 735.

**FACTUAL BACKGROUND**

In November 2012, the Ores were visiting Mesquite MX along with their son and A., a minor in their custody (Children). (Doc. 93 ¶¶ 17, 22, 29.) For unknown reasons, Lewis entered the Ores' campsite uninvited, threatened A., knocked over his motorcycle, and aggressively advanced toward the Children. (¶¶ 24-28.) Believing that Lewis intended to harm the Children, Mrs. Ore stepped between them and held out her arms. (¶¶ 29-30.) Lewis struck Mrs. Ore, throwing her upward and backward and causing her to hit her head on a nearby trailer. (¶¶ 31-33.)

Brian Worton, another park patron who was drawn to the campsite after hearing the commotion, grabbed Lewis from behind, put him in a headlock, and dragged him to the ground. (¶¶ 34-36.) Lewis continued to struggle, however, and Worton could not get control of his hands. (¶¶ 40, 42, 46.) Believing that he would escape and resume the altercation, Mr. Ore struck Lewis. (¶ 46.) After Lewis managed to escape from Worton's headlock, he scuffled with other unknown men before eventually continuing his fight with Worton. (¶¶ 52-53, 58-60.)

As a result of the brawl, Lewis sustained multiple injuries, including broken ribs and a punctured lung. (¶ 39.) He also pled guilty to disorderly conduct in Mohave County's North Canyon Consolidated Court.[3] (¶ 1.) Mrs. Ore was identified as the victim in the state criminal case against Lewis. (¶ 2.)

In November 2014, Lewis brought this action against Dirt Sports, LLC (which owns Mesquite MX), Worton, the Ores, and several other individuals. (Docs. 1, 24.) Lewis later settled his claims against Dirt Sports and voluntarily dismissed his claims against everyone except the Ores, against whom he asserts assault and battery, negligence, and negligent/intentional infliction of emotional distress claims. The Ores now seek summary judgment on all claims against them. (Doc. 23, 28, 79, 92.)

---

[3] Without citing any supporting evidence, Lewis contends that he pled "no contest" to the charge. (Doc. 97 at 5.) The judgment in the criminal case, however, reflects that Lewis entered a plea of guilty. (Doc. 93-1 at 2.)

- 4 -

**DISCUSSION**

**I. Assault and Battery**

To succeed on a battery claim, Arizona law requires a plaintiff to prove "that the defendant intentionally engaged 'in an act that results in harmful or offensive contact with the person of another.'" *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1210 (9th Cir. 2016) (quoting *Duncan v. Scottsdale Med. Imaging, Ltd.*, 70 P.3d 435, 438 (Ariz. 2003)). Similarly, to succeed on an assault claim a plaintiff must prove "that the defendant acted 'with intent to cause another harmful or offensive contact or apprehension thereof, and the other person apprehend[ed] imminent contact.'" *Id.* (quoting *Garcia v. United States*, 826 F.2d 806, 809 n.9 (9th Cir. 1987)). "The two claims are the same except that assault does not require the offensive touching or contact." *Id.*

Assault and battery both are intentional torts. *See Chappell v. Wenholz*, 247 P.3d 192, 195 (Ariz. Ct. App. 2011); *Blankinship v. Duarte*, 669 P.2d 994, 999 (Ariz. Ct. App. 1983).

> Under Arizona law, "the act that caused the harm will qualify as intentional conduct only if the actor desired to cause the *consequences*—and not merely the act itself—or if he was certain or substantially certain that the *consequences* would result from the act." In this respect, Arizona law follows the principle from the Restatement (Second) of Torts that: "If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to product the result."

*Paradise Valley*, 815 F.3d at 1210 (quoting *Mein ex rel Mein v. Cook*, 193 P.3d 790, 794 (Ariz. Ct. App. 2008)).

In defense, the Ores do not argue that Lewis lacks sufficient evidence to support these elements. The Ores instead contend that the force they used against Lewis was privileged by law because they acted in self-defense or in the defense of others. (Doc. 92 at 11.) Stated differently, the Ores seek summary judgment on the basis of their affirmative defense.

Under Arizona law, self-defense and the defense of others are affirmative defenses to assault and battery. *See* A.R.S. §§ 13-413, -404, -406; *Gortarez By and Through Gortarez v. Smitty's Super Valu, Inc.*, 680 P.2d 807, 815 (Ariz. 1984); *Garcia*, 826 F.2d at 810. "A person is justified in threatening or using physical force against another when and to the extent a reasonable person would believe that physical force is immediately necessary to protect himself against the other's use or attempted use of unlawful physical force." A.R.S. § 13-404(A). Likewise,

> a person is justified in threatening or using physical force . . . against another to protect a third person if, under the circumstances as a reasonable person would believe them to be, such person would be justified . . . in threatening or using physical force . . . to protect himself against the unlawful physical force . . . a reasonable person would believe is threatening the third person he seeks to protect.

A.R.S. § 13-406.

On the undisputed facts, a jury could conclude only that Mrs. Ore acted reasonably in the defense of others. Lewis, who is approximately six feet tall and at the time weighed as much as 205 pounds (Doc. 93 ¶ 4), aggressively entered the Ores' campsite, knocked over A.'s motorcycle, threated A., and advanced aggressively toward the Children. Mrs. Ore stepped between and extended her arms outward and against Lewis because she believed the Children were in danger of imminent harm. Under these circumstances, a jury could find only that Mrs. Ore's incidental contact with Lewis was objectively reasonable. Indeed, Mrs. Ore was identified as the *victim* of Lewis' conduct in the resulting criminal prosecution. Summary judgment in favor of Mrs. Ore is warranted because her conduct was privileged under Arizona law.

The undisputed facts, however, do not compel the same result for Mr. Ore. Viewing the facts in the light most favorable to Lewis, as the Court must at this stage, a jury could find that Mr. Ore did not act reasonably in self-defense or the defense of others. Worton had Lewis on the ground and in a headlock at the time Mr. Ore struck Lewis in the head. Although Lewis continued to struggle with Worton and did not indicate that he intended to withdraw from the encounter (¶¶ 40-43), a jury reasonably

could conclude that Lewis did not pose an imminent threat to the Ores or the Children at the time Mr. Ore struck him. A jury also could conclude that Worton's headlock prevented Lewis from communicating his intentions. Accordingly, Mr. Ore has not demonstrated an entitlement to summary judgment on Lewis' assault and battery claims.

**II. Negligence/Negligence Per Se**

To succeed on a negligence claim, a plaintiff must show "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007). "The first element, whether a duty exists, is a matter of law for the court to decide. The other elements, including breach and causation, are factual issues usually decided by the jury." *Id.* (internal citation omitted).

A duty is "an obligation, recognized by law, which requires the defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm." *Markowitz v. Ariz. Parks Bd.*, 706 P.2d 364, 354 (Ariz. 1985). The relevant question "is whether the relationship of the parties was such that the defendant was under an obligation to use some care to avoid or prevent injury to the plaintiff." *Id.* at 356. Under a negligence per se theory, a statute enacted for the protection and safety of the public may establish both the existence of a legal duty and the standard of care, such that a violation of the statute satisfies both elements as a matter of law. *See Good v. City of Glendale*, 722 P.2d 386, 389 (Ariz. Ct. App. 1986).

Lewis alleges that the Ores owed "a duty not to physically strike" him, which they breached during the altercation at Mesquite MX. (Doc. 24 at 5.) He contends that Arizona's criminal assault and battery statutes, A.R.S. §§ 13-1203, -1204, impose the relevant duty and standard of care, such that a violation of those provisions constitutes negligence per se.

The Ores do not argue that they owed no duty to Lewis, or that they did not breach the applicable standard of care, if indeed a duty exists. Instead, the Ores argue Lewis

cannot show that their actions caused his alleged injuries. The Court need not reach this issue (which, in any event, is usually decided by the jury) because Lewis' negligence claims fail for more basic reasons.

First, as previously noted, a jury could only conclude that Mrs. Ore acted justifiably in the defense of others and that her actions were objectively reasonable under the circumstances. Mrs. Ore therefore cannot be held civilly liable for her conduct. *See* A.R.S. § 13-413 ("No person in this state shall be subject to civil liability for engaging in conduct otherwise justified pursuant to the provisions of this chapter.").[4]

Second, and more fundamentally, "[t]here is no such thing as a negligent battery or a negligent assault." 8 Am. Law of Torts § 26.1. "Any given act may be intentional or it may be negligent, but it cannot be both. Intent and negligence are regarded as mutually exclusive grounds for liability." Dan B. Dobbs, Paul T. Hayden, and Ellen M. Budlick, *The Law Of Torts* § 31 (2d ed.); *see also Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 21 (Ariz. 2002) (citing favorably The Law of Torts and distinguishing between intentional torts and negligence). Indeed,

> Negligence has been held to be wholly, legally incompatible with the theory of assault and battery .... Therefore, a jury cannot find both negligence on the part of the defendant and liability for the intentional torts of assault and battery based on the same acts. Once intentional offensive conduct has been established, the actor is liable for assault and not negligence.

8 Am. Law of Torts § 26:1.

Here, it is undisputed that the Ores' actions were intentional. Mrs. Ore does not dispute that she intentionally stepped in front of the Children and held her arms out and against Lewis. Likewise, Mr. Ore does not dispute that he intentionally struck Lewis as he struggled to escape Worton's headlock. Neither argues that their actions were

---

[4] At this stage, Mr. Ore is not entitled to the protections of A.R.S. § 13-413 because the Court finds genuine issues of material fact preclude summary judgment on his affirmative defense.

- 8 -

unintentional or that they did not know of the consequences that would result, and Lewis presents no evidence that the Ores acted *negligently*. Instead, the Ores raise an affirmative defense, contending that their actions were justified, reasonably taken in self-defense or the defense of others, and thus privileged by law. It therefore is not possible for a jury to conclude that the Ores acted negligently because there is no evidence of negligence. The Ores admittedly acted intentionally, and intent and negligence are mutually exclusive grounds for liability.[5] For these reasons, the Ores are entitled to summary judgment on Lewis' negligence claims.

### III. Negligent/Intentional Infliction of Emotional Distress

To prevail on a negligent or intentional infliction of emotional distress claim, a plaintiff must prove three elements. First, the plaintiff must show that the defendant engaged in conduct so extreme and outrageous "as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987) (quoting Restatement (Second) of Torts § 46 cmt. b (1965)). Second, "the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct[.]" *Id.* Third, "severe emotional distress must indeed occur as a result of defendant's conduct." *Id.* The Ores contend that Lewis cannot carry his burden of proof to establish the third element of this framework. The Court agrees.

The Ores assert that there is no evidence Lewis experienced severe emotional or mental anguish from the altercation at Mesquite MX. The burden therefore shifts to Lewis to establish the existence of a genuine and material factual dispute by pointing to specific facts supported by evidence in the record. *Celotex*, 477 U.S. at 324; *Matsushita*, 475 U.S. at 586-87. Lewis has not done so here. Indeed, as previously noted, Lewis

---

[5] This does not mean that a plaintiff can never simultaneously pursue assault, battery, and negligence claims based on the same conduct. Where a defendant's intent is genuinely disputed, intentional tort and negligence theories both may be considered by a jury. But where, as here, a defendant admittedly acts intentionally, a plaintiff cannot proceed on a negligence theory because it is impossible to negligently commit an intentional tort.

- 9 -

failed to submit a separate statement of controverting facts. Moreover, the only evidence Lewis cites (albeit, in a manner noncompliant with the LRCiv 56.1(b)) to establish severe emotional distress is a portion of his deposition during which Defense Counsel asked if he had seen a video recording of the altercation. Lewis responded "Why would I want to relive a bad experience?" (Doc. 97 at 7; Doc. 97-2 at 7.) Lewis' characterization of the incident as "a bad experience" is not the type of emotional reaction that Arizona courts consider severe. *Cf. Midas Muffler Shop v. Ellison*, 650 P.2d 496, 500-01 (Ariz. Ct. App. 1982) (collecting cases and identifying "[e]xamples of emotional distress considered severe by the courts" to include a heart attack, nervous exhaustion, writhing in bed in extreme shock and hysteria, severe nervousness, headaches, anxiety requiring hospitalization, and stress causing a relapse of a serious medical condition). Accordingly, the Ores are entitled to summary judgment because Lewis has failed to proffer evidence upon which a jury reasonably could conclude that he experienced severe mental anguish as a result of the altercation.[6]

## IV. Punitive Damages

The Ores also seek summary judgment on the availability of punitive damages. Though listed as a claim in Lewis' amended complaint (Doc. 24 at 9-10), punitive damages are a separate category of damages for qualifying claims; it is not itself a distinct cause of action. In *Rawlings v. Apodaca*, the Arizona Supreme Court limited the availability of punitive damages:

> to those cases in which the defendant's wrongful conduct was guided by evil motives. Thus, to obtain punitive damages, plaintiff must prove that defendant's evil hand was guided by an evil mind. The evil mind which will justify the imposition of punitive damages may be manifested in either of two ways. It may be found where defendant intended to injure the plaintiff. It may also be found where, although not intending to cause injury, defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others. It has been stated that action justifying the award of punitive damages is conduct involving

---

[6] Further, Mrs. Ore is entitled to summary judgment because, as already noted, A.R.S. § 13-413 insulates her from civil liability for her objectively reasonable actions taken in the defense of others.

- 10 -

> some element of outrage similar to that usually found in crime. Applying this analogy, punitive damages will be awarded on proof from which the jury may find that the defendant was aware of and consciously disregard[ed] a substantial and unjustifiable risk that significant harm would occur.

726 P.2d 565, 578 (Ariz. 1986) (internal quotations and citations omitted).

Because there are no surviving claims against Mrs. Ore, Lewis cannot pursue punitive damages from her. For reasons previously discussed, however, a jury reasonably could conclude that Mr. Ore did not act in self-defense or the defense of others. Whether Mr. Ore's conduct involved "some element of outrage similar to that usually found in a crime," and whether his actions were privileged by law are questions of fact for the jury to decide. The Court therefore denies Mr. Ore's request to summarily preclude Lewis from pursuing punitive damages at trial.

**V. Lewis' "Claim" of Self-Defense**

Lastly, though not necessary to resolve the instant motion, the Court feels obligated to address what the parties identify as Lewis' "claim of self-defense," and which consumes an unnecessary amount of summary judgment briefing. The Ores contend that Lewis cannot succeed on a self-defense claim because he was the initial aggressor, he continued to struggle even after Worton dragged him to the ground, and he never withdrew or communicated his intent to withdraw from the encounter. Further, they argue that Lewis' guilty plea in connection with the incident precludes him from arguing that he acted in self-defense. (Doc. 92 at 8-9; Doc. 98 at 3-4.) For his part, Lewis contends that he was not the initial aggressor and that his guilty plea in the state court criminal action has no preclusive effect on the present case. (Doc. 97 at 5-6.)

This line of argument is bewildering, however, because self-defense is an affirmative defense and the Ores assert no counterclaims against Lewis. Instead, Lewis claims that the Ores' assaulted and battered him. At trial, Lewis will bear the burden of establishing the essential elements of these claims, and Mr. Ore will bear the burden of establishing the essential elements of his affirmative defense. Thus, Mr. Ore will bear the

burden of establishing that *he* was not the initial aggressor. *See* A.R.S. § 13-404(B)(3). It is not Lewis' burden at this stage to prove the converse.

Moreover, the Ores' argument concerning the preclusive effects of Lewis' guilty plea is misguided for several reasons. First, the state criminal judgment shows that Lewis pled guilty to disorderly conduct in violation of A.R.S. § 13-2904.[7] But disorderly conduct may be committed in many ways:

> A person commits disorderly conduct if, with intent to disturb the peace or quiet of a neighborhood, family or person, or with knowledge of doing so, such person:
>
> 1. Engages in fighting, violent or seriously disruptive behavior; or
>
> 2. Makes unreasonable noise; or
>
> 3. Uses abusive or offensive language or gestures to any person present in a manner likely to provoke immediate physical retaliation by such person; or
>
> 4. Makes any protracted commotion, utterance or display with the intent to prevent the transaction of the business of a lawful meeting, gathering or procession; or
>
> 5. Refuses to obey a lawful order to disperse issued to maintain public safety in dangerous proximity to a fire, a hazard or any other emergency; or
>
> 6. Recklessly handles, displays or discharges a deadly weapon or dangerous instrument.

A.R.S. § 13-2904(A). Though it is undisputed that Lewis' conviction related to the altercation at Mesquite MX, there is no evidence in the record elucidating the precise facts to which Lewis pled guilty. For example, it is possible that Lewis pled guilty to engaging in "seriously disruptive behavior" or using "abusive or offensive language." Thus, Lewis' disorderly conduct conviction is not tantamount to an admission that he assaulted or battered the Ores.

Second, only Mrs. Ore was identified as the victim of Lewis' state criminal

---

[7] Though Lewis was charged with assault in violation of A.R.S. § 13-1203(A)(3), this charge was dismissed concurrent with his guilty plea to disorderly conduct. (Doc. 93-1 at 2.)

- 12 -

offense. Assuming, then, that by pleading guilty to disorderly conduct Lewis admitted that he engaged in "fighting," his conviction would not necessarily preclude him from bringing a civil assault and battery action against Mr. Ore. Lewis could succeed in this action without undermining his state court criminal conviction.

Third, to the extent the Ores argue that Lewis has waived any claim to self-defense by pleading guilty to disorderly conduct, they fail to appreciate that Lewis does not have the burden of proving an affirmative defense in the absence of counterclaims against him.

Finally, it appears that whether a guilty plea has preclusive effect in a subsequent civil lawsuit is an open question under Arizona law.[8] In *Picaso v. Tucson Unified School District*, the Arizona Supreme Court noted that "this issue has divided commentators and the courts," surveyed authorities nationwide, but ultimately declined to resolve the question. 171 P.3d 1219, 1221-22 (Ariz. 2007). Nor has this Court found a subsequent Arizona case deciding the issue. Though the Ores suggest that Lewis' guilty plea precludes him from maintaining his assault and battery claims, they have not provided the Court with sufficient analysis to decide this question, which has vexed courts around the country.

Accordingly, the Ores' arguments concerning the preclusive effect of Lewis' state court conviction and his ability to claim self-defense in this action do not provide a basis for granting summary judgment.

## **CONCLUSION**

For the foregoing reasons, the Court grants summary judgment in favor of the Ores on Lewis' negligence and infliction of emotional distress claims (Counts I, III, and V). Additionally, Mrs. Ore is entitled to summary judgment on Lewis' assault and battery claims (Count IV). Viewing the facts in the light most favorable to Lewis and

---

[8] Pursuant to A.R.S. § 13-807, "[a] defendant who is convicted in a criminal proceeding is precluded from subsequently denying in any civil proceeding brought by the victim . . . against the criminal defendant the essential allegations of the criminal offense of which he was adjudged guilty, including judgments of guilty resulting from no contest pleas." This section is inapplicable here, however, because Mrs. Ore—the victim of Lewis' disorderly conduct—is not asserting claims against Lewis.

drawing all reasonable inferences in his favor, however, the Court finds that genuine issues of material fact preclude summary judgment for Mr. Ore on his affirmative defense to Lewis' assault and battery claims, and on the availability of punitive damages.

**IT IS ORDERED** that the Ores' Motion for Summary Judgment (Doc. 92) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Court grants summary judgment in favor of Defendant Michelle Ore on all claims against her.

2. The Court grants summary judgment in favor of Defendant Ronald Ore on Counts I, III, and V of the amended complaint.

3. The Court denies summary judgment for Defendant Ronald Ore on Count IV of the amended complaint.

4. The Court denies Defendant Ronald Ore's motion to summarily preclude Plaintiff Michael Lewis from seeking punitive damages at trial.

Dated this 25th day of April, 2017.

*[signature]*
Douglas L. Rayes
United States District Judge